UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD W. HOUSTON,

Plaintiff,

-against-

DEER RUN CONDOMINIUM ASSOCIATION, INC; SPINNAKER MANAGEMENT LLC,

Defendants.

25-CV-9491 (LLS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action on behalf of his wife, seeking to assert claims under the Fair Housing Act ("FHA"). By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint without prejudice to any claim Plaintiff's wife seeks to assert on her own behalf. The Court also grants Plaintiff 30 days' leave to file an amended complaint to assert his own FHA claims.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND AND DISCUSSION

Plaintiff brings this action against Defendants Deer Run Condominium Association, Inc. and Spinnaker Management LLC, seeking the installation of a home-lift elevator for his wife in their two-story townhouse. He claims that he "has suffered humiliation, mental anguish, and emotional and physical distress." (ECF 1 at 3.) Plaintiff asserts claims under the FHA and states that he may do so under 42 U.S.C. § 3612(o) of the FHA.

Section 3612(o)(1) of the FHA grants the Secretary of the U.S. Department of Housing and Urban Development ("HUD") the right to authorize the United States Attorney General to bring an FHA claim on behalf of another in federal court. *See United States v. Space Hunters, Inc.*, 429 F.3d 416, 421 (2d Cir. 2005) ("[P]ursuant to 42 U.S.C. § 3612(o)(1), the Secretary of HUD authorized the Attorney General to commence this action in the district court[.]"). This provision of the FHA is therefore inapplicable to this action.

To the extent Plaintiff seeks to assert an associational discrimination claim under the FHA as a non-disabled person, he does not allege any facts suggesting that he has standing to do so. Although a non-disabled party "may sue to enforce the [FHA] rights of others," such a non-disabled party must show that he suffered an actual injury because of the defendant's conduct. *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 103 n.9 (1979); *see, e.g.*, *Pinckney v. Carroll*, No. 18-CV-12198 (VEC), 2019 WL 6619484, at *3 (S.D.N.Y. Dec. 4, 2019) ("[N]on-disabled parties bringing associational discrimination claims [under the Americans with Disabilities Act and the Rehabilitation Act] need only prove an independent injury causally related to the denial of federally required services to the disabled persons with whom the non-disabled plaintiffs are associated.") (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279–80 (2d Cir. 2009) (Wesley, J., concurring) (internal quotation marks omitted).

To demonstrate standing, Plaintiff's harms must be "concrete" and "particularized." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). Moreover, the injury must be traceable to a defendant's alleged conduct and redressable by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (holding that to show standing a party "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." (internal quotation marks and citations omitted). "[P]sychological and emotional distress . . . are neither concrete nor particularized[.]" *Killoran v. Westhampton Beach Sch. Dist.*, No. 24-CV-3696 (GRB) (LGD), 2025 WL 3264632, at *6 (E.D.N.Y. Nov. 20, 2025) (report and recommendation); *see, e.g.*, *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F.Supp.3d 387, 391 (E.D.N.Y. 2022) (Brown, J.) (finding conclusory allegations of "mental and emotional pain, anguish, humiliation, and embarrassment of credit denial" fail to demonstrate standing in the Fair Credit Report Act context).

Plaintiff has not pleaded any facts suggesting that he suffered a separate injury as a result of Defendants' alleged violation of his wife's FHA rights. Although he alleges that he suffered generalized emotional harms, the complaint does not suggest that he suffered any specific harm. He therefore lacks standing to proceed under the FHA, and the Court dismisses the action without prejudice, for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3). *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.") (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) (internal quotation marks omitted).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid FHA claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice to Plaintiff's wife asserting her own claims, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to file an amended complaint to assert his own claims under the FHA.

The Court denies Plaintiff's motion seeking service of the complaint on defendants. The Court directs the Clerk of Court to terminate the motion at ECF 12

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 27, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.